IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN MICHAELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-219E |
| ) | |
| BAJ ALEXANDRA and UNITED ) | |
| STATES OF AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are various motions filed by *pro se* Plaintiff Darren Michaels. Two related motions are Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. 1927 [ECF #24] and Motion for Sanctions Fed.R.Civ.P. Rule11 [ECF #42]. In these motions, Plaintiff asks that sanctions be imposed on defense attorneys United States Attorney David Hickton and Assistant United States Attorney Jennifer Andrade.

In support of his first motion for sanctions, brought pursuant to 28 U.S.C. § 1927, he argues that the Record verifies that they have "act[ed] in 'bad faith,' knowingly have created an untimely, removal action to simply harass, annoy, cause unnecessary delay, and increase the cost of litigation upon the Plaintiff." Motion for Sanctions Pursuant to 28 U.S.C. § 1927, ¶2.

In support of his second motion for sanctions, Plaintiff contends: (1) [t]he record verified the Defendant and her attorneys knowingly filed a recorded an untimely 'Notice of Removal,' dated September 21, 2012 simply to harass, to cause unnecessary delay, [and] increase litigation costs to the Plaintiff;" (2) they filed the case in the improper court; (3) "Defendant's attorneys have filed multiple pleadings by continuing to concoct a frivolous argument against the Plaintiff for simply defending his rights;" (4) "[t]he defendants and their attorneys are defying and ignoring the seriousness of state court of record 's judgment decreed on July 13, 2012;"

(5) "[t]he Defendants attorney's pleadings show character attacks against the Plaintiff for merely defending his rights as protected under the first amendment. They have made misleading, and improper representations to the court in order to discredit the Plaintiff by bringing up other UNRELATED prior cases of litigation that has no nexus or connection to this matter whatsoever and should be sanctioned for bad faith conduct, malevolent statements, and unwarranted profiling of the plaintiff;" (6) "[t]he defendants have violated Rule 11, '*by making false, misleading, improper or frivolous representations to the court*';" and (7) "[t]he defendants have refused to supply the Plaintiff a requested copy of the passport application in order for him to prove trust on the record." Motion for Sanctions Fed.R.Civ.P. Rule 11, ¶¶ 23, 25, 30, 37, 60, 61, and 82.

Contrary to Plaintiff's contention, we find no basis for imposing sanctions against defense counsel Hickton and Andrade. Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. 1927 [ECF #24] and Motion for Sanctions Fed.R.Civ.P. Rule11 [ECF #42] will be denied.

### ORDER

AND NOW, this 15th day of July, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. 1927 [ECF #24]; and Plaintiff's Motion for Sanctions Fed.R.Civ.P. Rule 11 [ECF #42] are DENIED with prejudice.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Darren Michaels, *pro se*