IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN MICHAELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-219E |
| ) | |
| BAJ ALEXANDRA and UNITED ) | |
| STATES OF AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are various motions and petitions filed by *pro se* Plaintiff Darren Michaels.

## I. Plaintiff's Motion to Strike Defendant's Notice of Removal [ECF #7] and Plaintiff's Motion to Strike Defendant's Substitution of Party [ECF#8].

Two related motions are Plaintiff's Motion to Strike Defendant's Notice of Removal [ECF #7] and Plaintiff's Motion to Strike Defendant's Substitution of Party [ECF#8]. In both motions, Plaintiff moves to strike the named filings on the basis that they are "an insufficient defense, immaterial, meritless, all time expired, and improper court invoked pursuant to Fed.R.Civ.P. Rule 11." See Motion to Strike Defendant's Notice of Removal, ¶ 68; Plaintiff's Motion to Strike Defendant's Substitution of Party, ¶ 44.

On July 13, 2012, Plaintiff "Darren Michaels, Grantor" commenced a civil action against Alexandra Baj, an employee at the Buffalo, New York Passport Agency, in the Court of Common Pleas of Venango County, Pennsylvania when he filed a "Default Judgment."

In his "Default Judgment," Plaintiff alleges that he is "Darren Michaels Plaintiff and Grantor, for his Cestique Trust, identified as 'DARREN JAMES MICHAELS' en legis, with its own Social Security account I/T/F/ the United States of America's Trust Account Beneficiary, by

public records and private trust. Darren Michaels, Grantor, and 'DARREN JAMES MICHAELS' are separate entities." Default Judgment, ¶ 2. In his "Notice and Demand to Respond," which Plaintiff had attached to his Default Judgment, he further alleges that the Defendant, Alexandra Baj, violated his constitutional rights to due process, to travel abroad, to freedom of religion, to be free from cruel and unusual punishment, and to work when she "failed to verify any established proof of claim that Darren Michaels, Grantor is directly liable or the liable party for the Cestique Trust's public debt liability identified as DARREN JAMES MICHAELS before trespassing upon the Grantor's unalienable rights and denying him proper due process . . ." in that she "denied [Plaintiff] a passport for international travel for his vocation as an ordained minister in this scheduled missionary work in Asia." Notice and Demand to Respond, p. 3. See also Id. at p. 7 ("Alexandra Baj has breached her duty in failing to acknowledge, after being presented evidentiary public records, now having first-hand knowledge has yet to provide any supported evidence that Darren Michaels, Grantor, and who does not use a social security number has owes any public debt, obligation, duty, performance, or liability to any federal or state agency, municipality or private company thus causing irreparable harm to the Grantor's unalienable right to travel abroad in denying him the issuance of a passport. Alexandra Baj failed to establish or submit any contradictory or rebuttal evidence to rebut the Grantor's verified public records thus causing irreparable harm to the Grantor's unalienable right to travel abroad in denying him the issuance of a passport."). Plaintiff further alleges that: "Darren Michael, Grantor, has suffered the loss of the value of his defined property which is deemed as his Primary and unalienable established right of private and exclusive possession, including sweat equity, time, signatures, intellectual property, his in person, his established right to work, established right to engage in any lawful business, reputation, capacity to labor, his

established right to enjoy the senses of sight, smell, hearing and taste, his and their established right of uninhibited international travel and locomotion, the establish right of his life, liberty, and the pursuit of his private happiness." Id. at p. 11.

Thus to summarize Plaintiff's purported legal claims, Plaintiff contends that he suffered the loss, use and hindrance to exercise his unalienable rights of life, liberty and property when Defendant, Alexandra Baj, denied his application for passport to travel abroad to Asia for missionary work. Plaintiff also claims that Baj misconstrued him as the liable party as trustee of Darren James Michaels even though Baj was given verified documents of the distinctions between the two entities and had first-hand knowledge that he never consented to act as trustee, fiduciary, or constitute of Darren James Michaels. Plaintiff also claims that he was denied his unalienable right of proper due process when Baj failed to verify any established proof of claim that Plaintiff is directly liable for Darren James Michaels' debt. Plaintiff further claims that his unalienable right to travel abroad uninhibited was denied when Baj willfully disregarded all presented evidentiary public records and denied the passport application and when Baj falsely claimed that Plaintiff owes the debt of Darren James Michaels. Plaintiff also claims this right was denied when Baj failed to bring forth the burden of her claim by failing to present any contradictory or rebuttal evidence to rebut his verified public records that he is a separate entity from Darren James Michaels. Furthermore, Plaintiff alleges his unalienable right to travel abroad was denied because Baj had first-hand knowledge that he did not use, nor did he consent to use a Social Security number on his passport application. Plaintiff also claims he was denied his unalienable rights against cruel and unusual punishment, forfeiture of estate and imprisonment. Moreover, he claims he was subjected to involuntary servitude by means of various forms of physical and psychological coercion. Plaintiff alleges that Baj violated his primary rights under

the color of law by breaching various ethical codes for federal employees. Finally, Plaintiff claims that his unalienable rights of life and liberty under the United States' Constitution, Amendment I, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," were denied.

On September 21, 2012, prior to trial or any other proceeding commencing before the Court of Common Pleas of Venango County, Pennsylvania, this action was timely and properly removed from state court to this Court by the United States of America pursuant to 28 U.S.C. §2679(d)(2). This subsection states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Id. On September 20, 2012, David J. Hickton, United States Attorney for the Western District of Pennsylvania had certified that he had "read the papers contained in this action and reviewed the allegations against the named defendant," and that "[o]n the basis of the information now available to me with respect to the incident referred to therein, I find that the defendant Alexandra Baj, was acting within the scope of her employment as an employee of the United States at the time of such incident." Certification of Scope of Employment (footnote omitted).

Based upon the above facts, we find that removal of this action from state court to federal court and the substitution of the United States of America for Defendant Baj with respect to any tort claims alleged by Plaintiff in his pleadings was proper and timely pursuant to 28 U.S.C.

4

§2679(d)(2), and that these claims against Defendant can, and will, be adjudicated on its merits by this Court. Plaintiff's Motion to Strike Defendant's Notice of Removal [ECF #7] and Plaintiff's Motion to Strike Defendant's Substitution of Party [ECF#8] will be denied.

## II. Plaintiff's Petition to Strike Defendant's Omnibus Response [ECF #39].

Plaintiff has also filed a Petition to Strike Defendants' "Omnibus Response to Plaintiff's Submission in Further Support of Motion to Dismiss Or, in the Alternative, for Summary Judgment" [ECF #36]. In this Petition, Plaintiff primarily argues that the Omnibus Response should be stricken because on the merits, he should prevail, and Defendants' legal arguments are wrong. He further contends in the Petition that: (1) Defendants and their counsel should be sanctioned pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 for bad faith conduct, untimely removal of the case from state court, and slanderous statements and misprofiling the plaintiff; and (2) Defendants should be compelled to provide him with an unaltered copy of his passport application, as he requested pursuant to the Freedom of Information Act.

Nothing argued in Plaintiff's Petition provides a legitimate basis for striking the Government's Omnibus Response. Additionally, with respect to Plaintiff's contention that Defendants should be compelled to provide him with an unaltered copy of his passport application, as he requested pursuant to the Freedom of Information Act, we have already denied this request on the basis that "[a]t this stage in the proceedings, where the discovery period has not yet commenced, Defendants do not have any duty to turn over any documentation to Plaintiff. See Fed.R.Civ.P. 26." July 11, 2013 Memorandum Order [ECF #50]. Similarly, we have also denied by separate Memorandum Order dated July 15, 2013, two Motions for Sanctions filed by Plaintiff in which he contends that defense counsel should be sanctioned

pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 for bad faith conduct, untimely removal of the case from state court, and slanderous statements and misprofiling him.

Accordingly, Plaintiff's Petition to Strike Defendant's Omnibus Response [ECF #39] will be denied.

### III. Plaintiff's Petition to Strike Defendant's Injunction [ECF #40].

Finally, Plaintiff filed a petition to strike a motion for injunction filed by Defendants. On July 11, 2013, we reluctantly granted Defendants' Motion for an Injunction and ordered that Plaintiff is "enjoined from any further filing in this matter without first seeking leave of Court to do so" because "the issues in this matter have been fully briefed" and "Plaintiff continues to file documents in which he treats himself as the "Court of Record," even going as far as to stamp on one of this Court's Memorandum Orders "IMPEACHED AND RESCINDED ORDER," see ECF Doc. #47." July 11, 2103 Order [ECF #52]. The basis for Defendants' motion for an injunction was that Plaintiff had "demonstrated a pattern of frivolous, repetitious, malicious, vexatious, or harassing litigation," and "such litigation is likely to continue in the absence of equitable intervention," such that pursuant to 28 U.S.C. § 1651(a), we should enjoin Plaintiff from filing further papers in support of or otherwise litigating his claims. Defendants' Motion for Injunction Pursuant to 28 U.S.C. §1651(a), ¶ 10.

At the time we entered the Order granting Defendants' motion for an injunction, we inadvertently failed to explain that we had considered the merits of Plaintiff's Petition to Strike Defendants' Injunction in reaching our decision and determined that there was no basis for striking Defendants' motion for an injunction. We do so now belatedly, finding that Plaintiff's Petition to Strike Defendant's Injunction [ECF #40] fails to state a sufficient basis for striking Defendants' Motion for Injunction and therefore, must be denied.

6

## ORDER

AND NOW, this 15th day of July, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Strike Defendant's Notice of Removal [ECF #7]; Plaintiff's Motion to Strike Defendant's Substitution of Party [ECF#8]; Plaintiff's Petition to Strike Defendant's Omnibus Response [ECF #39]; and Plaintiff's Petition to Strike Defendant's Injunction [ECF #40] are DENIED with prejudice.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Darren Michaels, *pro se*