# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN MICHAELS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Action No. 12-219E |
| **BAJ ALEXANDRA and UNITED STATES OF AMERICA, INC.** | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Or, in the Alternative, for Summary Judgment [ECF#21]. On July 13, 2012, Plaintiff "Darren Michaels, Grantor" commenced a civil action against Alexandra Baj, an employee at the Buffalo, New York Passport Agency, in the Court of Common Pleas of Venango County, Pennsylvania when he filed a "Default Judgment." Attached to this pleading were a number of exhibits, including a "Notice and Demand to Respond" which Plaintiff alleged was mailed to Baj prior to his filing suit against her. On September 21, 2012, this action was timely and properly removed from state court to this Court by the United States of America pursuant to 28 U.S.C. §2679(d)(2) because Baj was acting within the scope of her employment at the time of the incident giving rise to this action. On September 24, 2012, the United States of America filed a motion to be substituted as the defendant with respect to Plaintiff's tort claims against Baj. On September 27, 2012, we granted the motion, Plaintiff's tort claims against Baj were dismissed with prejudice, and the United States of America became a defendant in this matter.

In his "Default Judgment," Plaintiff alleges that he is "Darren Michaels Plaintiff and Grantor, for his Cestique Trust, identified as 'DARREN JAMES MICHAELS' en legis, with its own Social Security account I/T/F/ the United States of America's Trust Account Beneficiary, by

public records and private trust. Darren Michaels, Grantor, and 'DARREN JAMES MICHAELS' are separate entities." Default Judgment, ¶ 2. In his "Notice and Demand to Respond," which Plaintiff had attached to his Default Judgment, he further alleges that the Defendant, Alexandra Baj, violated his constitutional rights to due process, to travel abroad, to freedom of religion, to be free from cruel and unusual punishment, and to work when she "failed to verify any established proof of claim that Darren Michaels, Grantor is directly liable or the liable party for the Cestique Trust's public debt liability identified as DARREN JAMES MICHAELS before trespassing upon the Grantor's unalienable rights and denying him proper due process . . ." in that she " denied [Plaintiff] a passport for international travel for his vocation as an ordained minister in this scheduled missionary work in Asia." Notice and Demand to Respond, p. 3. See also Id. at p. 7 ("Alexandra Baj has breached her duty in failing to acknowledge, after being presented evidentiary public records, now having first-hand knowledge has yet to provide any supported evidence that Darren Michaels, Grantor, and who does not use a social security number has owes any public debt, obligation, duty, performance, or liability to any federal or state agency, municipality or private company thus causing irreparable harm to the Grantor's unalienable right to travel abroad in denying him the issuance of a passport. Alexandra Baj failed to establish or submit any contradictory or rebuttal evidence to rebut the Grantor's verified public records thus causing irreparable harm to the Grantor's unalienable right to travel abroad in denying him the issuance of a passport."). Plaintiff further alleges that: "Darren Michael, Grantor, has suffered the loss of the value of his defined property which is deemed as his Primary and unalienable established right of private and exclusive possession, including sweat equity, time, signatures, intellectual property, his in person, his established right to work, established right to engage in any lawful business, reputation, capacity to labor, his

established right to enjoy the senses of sight, smell, hearing and taste, his and their established right of uninhibited international travel and locomotion, the establish right of his life, liberty, and the pursuit of his private happiness." Id. at p. 11.

Thus to summarize Plaintiff's purported legal claims, Plaintiff contends that he suffered the loss, use and hindrance to exercise his unalienable rights of life, liberty and property when Defendant, Alexandra Baj, denied his application for passport to travel abroad to Asia for missionary work. Plaintiff also claims that Baj misconstrued him as the liable party as trustee of Darren James Michaels even though Baj was given verified documents of the distinctions between the two entities and had first-hand knowledge that he never consented to act as trustee, fiduciary, or constitute of Darren James Michaels. Plaintiff also claims that he was denied his unalienable right of proper due process when Baj failed to verify any established proof of claim that Plaintiff is directly liable for Darren James Michaels' debt. Plaintiff further claims that his unalienable right to travel abroad uninhibited was denied when Baj willfully disregarded all presented evidentiary public records and denied the passport application and when Baj falsely claimed that Plaintiff owes the debt of Darren James Michaels. Plaintiff also claims this right was denied when Baj failed to bring forth the burden of her claim by failing to present any contradictory or rebuttal evidence to rebut his verified public records that he is a separate entity from Darren James Michaels. Furthermore, Plaintiff alleges his unalienable right to travel abroad was denied because Baj had first-hand knowledge that he did not use, nor did he consent to use a Social Security number on his passport application. Plaintiff also claims he was denied his unalienable rights against cruel and unusual punishment, forfeiture of estate and imprisonment. Moreover, he claims he was subjected to involuntary servitude by means of various forms of physical and psychological coercion. Plaintiff alleges that Baj violated his primary rights under

3

the color of law by breaching various ethical codes for federal employees. Finally, Plaintiff claims that his unalienable rights of life and liberty under the United States' Constitution, Amendment I, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," were denied.

**I. Rule 12(b)(1) Motion to Dismiss any FTCA Claims against Defendant United States of America.**

We address first Defendants Fed.R.Civ.P. 12(b)(1) Motion to Dismiss Plaintiff's FTCA claim against the United States: "Plaintiff's FTCA claim against the United States of America should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to exhaust administrative remedies with respect to this claim." Defendant's Brief in Support of Motion to Dismiss Or, in the Alternative, For Summary Judgment ("Supporting Brief"), p. 3.

    A.    Standard of Review.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. See Fed.R.Civ.P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" Petruska v. Gannon University, 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977)). As it is the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." Development Financial Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d. Cir. 1995). Of course, on a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to a *pro se* pleading than to a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21, 92 (1972).

B. Legal Analysis.

The pending Motion to Dismiss any FTCA claims against the United States contained in Plaintiff's pleadings for lack of jurisdiction is based on the contention that Plaintiff is not entitled to pursue a FTCA claim against the United States because he failed to first exhaust administrative remedies before bringing suit. Defendants' Supporting Brief, pp. 22-23. In support, Defendants attached to their Supporting Brief, a Declaration from Megan Grimball, an Attorney-Advisor with the United States Department of State, in which she states:

> 1. As [an Attorney-Advisor with the United States Department of State], I am familiar with the record-keeping practices relating to the filing and adjudication of administrative claims presented under 28 U.S.C. § 2672 to the Department of State, which are based on the activities of employees of the Department of State.
>
> 2. All administrative tort claims under the Federal Tort Claims Act pertaining to the Department of State's activities are handled by the Office of Legal Adviser, in the Office of International Claims and Investment Disputes (L/CID).
>
> 3. I have access to the electronic databases and paper files concerning administrative claims filed under the Federal Tort Claims Act, which are maintained by the Department of State in the ordinary course of business.
>
> 4. I have searched all available tort claim records and found no evidence that Plaintiff has filed an administrative claim under the Federal Tort Claims Act.

Motion to Dismiss, Exhibit G.

As a sovereign, the United States is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Through the FTCA, Congress has waived sovereign immunity for actions such as the case at hand, which sound in tort against the United States and its agencies. Pascale v. United States, 998 F.2d 186, 189 (3d Cir. 1993). Before filing suit under the FTCA, however, a plaintiff must file an administrative claim with the appropriate federal agency and the agency must issue a final denial of the claim. See 28 U.S.C. § 2675(a). Specifically, the FTCA requires that:

5

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. This administrative exhaustion requirement "is jurisdictional and cannot be waived." 28 U.C.C. §2675(a); Livera v. First National State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

Plaintiff has not presented any evidence to contradict the Grimball Declaration produced by the United States. As a result, this Court has no choice but to conclude that Plaintiff has failed to exhaust his administrative remedies in accordance with 28 U.S.C. § 2675(a) and we lack subject matter jurisdiction to consider any FTCA claims contained in Plaintiff's pleadings. In laymen's terms, this means that if Plaintiff wants to proceed with this matter, he must first timely present his claim to the Department of State.

C. Conclusion.

Defendant United States of America's Motion to Dismiss any FTCA claims pursuant to Federal Rule of Civil Procedure 12(b)(1) shall be granted without prejudice. An appropriate Order will follow.

**II. Rule 12(b)(6) Motion to Dismiss claims against Defendant Baj.**

A. Standard of Review.

In ruling on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002) and citing Bell

6

Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)). To withstand a motion to dismiss under Rule 12(b)(6), the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). "'Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. (quoting Twombly, 550 U.S. at 556). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of "the necessary element.'" Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Additionally, since Plaintiff has filed *pro se*, his pleadings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B. Legal Analysis.

Accepting Plaintiff's factual allegations as true and making all reasonable inferences in Plaintiff's favor, we find that none of the conduct Defendant Baj allegedly engaged in with respect to Plaintiff violates any of Plaintiff's rights under the United States Constitution. Therefore, Plaintiff has failed to state a claim against Defendant Baj upon which relief can be granted and Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss Plaintiff's claims against Defendant Baj must be granted. We further find that allowing Plaintiff to amend his pleadings would be futile. Therefore, the motion to dismiss will be granted with prejudice.

C. Conclusion.

Defendants' Motion to Dismiss Plaintiff's claims against Defendant Baj pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be granted with prejudice. An appropriate Order will follow.

# ORDER

AND NOW, this __15th__ day of July, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss Or, in the Alternative, for Summary Judgment [ECF#21] is GRANTED WITH PREJUDICE as to Plaintiff's claims against Defendant Baj Alexandra and is GRANTED WITHOUT PREJUDICE as to Plaintiff's FTCA claims against Defendant United States of America.

The Clerk of Court shall mark this case "CLOSED."

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Darren Michaels, *pro se*